UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WIECHERS,<br><br>        Plaintiff,<br><br>        v.<br><br>RANDY MOORE, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-00223 - LJO - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD OR TO STRIKE<br><br>(Doc. 21) |

Peter Wiechers ("Plaintiff") seeks to compel supplementation of the Administrative Record lodged in this action by Defendants Randy Moore, in his official capacity as Regional Forester, and the United States Forest Service (collectively, Defendants"). (Doc. 19). Defendants filed their opposition to the motion on August 16, 2013 (Doc. 20), to which Plaintiff filed a reply on August 23, 2013. (Doc. 21). The Court heard the oral arguments of the parties on August 30, 2013. For the following reasons, Plaintiff's motion to compel supplementation is **DENIED**.

I.     **Factual and Procedural History**

On February 12, 2013, Plaintiff initiated this action by filing a complaint for judicial review pursuant to the Administrative Procedure Act as set forth in 5 U.S.C. §§ 701-706. (Doc. 1). Plaintiff seeks to challenge "the implementation of the Federal Lands Recreation Enhancement Act fee program in the Sequoia National Forest." *Id.* at 2. Plaintiff asserts the fee program implemented by the United States Forest Service ("Forest Service") "requires Plaintiff to purchase and display a 'Southern Sierra

Pass' or other fee pass to enter regions that the Forest Service has designated High Impact Recreation Areas ("HIRAs") or Standard Amenity Fee Areas ("SAFAs") to park, hike, boat, picnic, camp in undeveloped locations, or otherwise recreate." *Id.*

Plaintiff acknowledges an amenity recreation fee may be charged at sites with the following amenities: (i) designated developed parking, (ii) a permanent toilet facility, (iii) a permanent trash receptacle, (iv) an interpretive sign, exhibit, or kiosk, (v) picnic tables, and (vi) security services. (Doc. 1 at 5) (citing 16 U.S.C § 6802(f)(4)(D)). Plaintiff alleges he "made many trips" to the Lake Isabella HIRA, Camp 9, and the Kern River SAFAs in the Sequoia National Forest, including before they were designated recreation and amenity sites. *Id.* at 3. However, he asserts that "the Forest Service has not provided all six of the required amenities at each of these sites." *Id.* at 3.

According to Plaintiff, "[t]he Lake Isabella HIRA is made up of the Auxiliary Dam, South Fork, and Old Isabella recreation sites," and "Camp 9 . . . provides shoreline access for recreation on Lake Isabella." (Doc. 1 at 9). Plaintiff contends Camp 9 "has no picnic tables or interpretive signs, exhibits, or kiosks;" the Auxiliary Dam site "has no interpretive signs, exhibits, or kiosks;" the Old Isabella site "has no picnic tables or interpretive signs, exhibits, or kiosks;" and the South Fork site "has no designated developed parking or interpretive signs, exhibits, or kiosks." *Id.* at 10. Similarly, Plaintiff alleges that SAFA sites along the Kern River including "Miracle, Upper Rich Bar, Lower Rich Bar, and Live Oak picnic areas" fail to possess "interpretive signs, exhibits, or kiosks" as is required. *Id.* at 10-11. Therefore, he seeks to have the Court find the Sequoia National Forest and Southern Sierra Pass fee program and its HIRA and SAFAs violate the Federal Lands Recreation Enhancement Act and set aside the designation of the identified HIRA and SAFAs. *Id.* at 14.

On April 15, 2013, Defendants filed their Answer to the complaint, denying any violations of the Federal Lands Recreation Enhancement Act and the Administrative Procedure Act. (Doc. 10). Defendants lodged the Administrative Record ("AR") on June 28, 2013. Plaintiff filed the motion now pending before the Court on August 2, 2013 (Doc. 19), seeking to compel Defendants to supplement the AR with "installation or placement logs, internal communications (such as emails), or any other evidence of placing . . . signs" at the Kern River recreation sites depicted "in the photographs at AR643, AR647, AR652, and AR676." *Id.* at 4. In the alternative, Plaintiff seeks to "strike the use of

these photographs from the Administrative Record in support of Defendants' final agency action to designate the challenged fee area in 2012, and only allow their use to show evidence of the Defendants' present ongoing agency actions on or after May 23, 2013 when the photographs were taken." *Id.*

## II.     Judicial Review under the APA

A person alleging a legal wrong due to a decision by an agency of the United States is entitled to review of the decision pursuant to the Administrative Procedure Act ("APA").  5 U.S.C. § 702.  The APA requires a court to "review the whole record or those parts of it cited by a party."  5 U.S.C. § 706; *see also Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988) ("judicial review of agency action is limited to review of the administrative record").  The "whole record" "consists of all documents and materials directly or *indirectly* considered by the agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis in original).  Thus, an agency preparing an administrative record "may not skew the record by excluding unfavorable information but must produce the full record that was before the agency at the time the decision was made." *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 369 (D.D.C. 2007) (citation omitted).

The Supreme Court explained:  "The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Center for Biological Diversity v. U.S. Fish and Wildlife Service,* 450 F.3d 930, 943 (9th Cir. 2006).  Consequently, "[t]o ensure fair review of the agency action . . . the court should have before it neither more nor less information than did the agency when it made its decision." *Maritel, Inc. v. Collins*, 422 F.Supp.2d 188, 196 (D.D.C. 2006) (citation omitted).

## III.    Supplementation of the Administrative Record

Designation and certification of the administrative record is "entitled to a presumption of administrative regularity."  *McCrary v. Gutierrez*, 495 F.Supp.2d 1038, 1041 (N.D. Cal. 2007).  In other words, the agency "enjoys a presumption that it properly designated the administrative record and may exclude materials that reflect internal deliberations." *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 369 (D.D.C. 2007).  A party seeking supplementation of the administrative record "must show by clear evidence that the record fails to include documents or materials considered by the [agency] in

3

reaching the challenged decision" and that the record as presented is insufficient to allow "substantial and meaningful [judicial] review." *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Co. 2010); *see also San Luis & Delta-Mendota Water Auth. v. Salazar,* 2010 U.S. Dist. LEXIS 61083, at *12 (E.D. Cal. June 21, 2010) (a party seeking supplementation "must present clear evidence that the AR is so inadequate that it will frustrate judicial review").

The Ninth Circuit has identified "limited exceptions [which] operate to identify and plug holes in the administrative record." *Lands Council v. Forester of Region One of the U.S. Forest Service*, 395 F.3d 1019, 1030 (9th Cir. 2004); *see also Animal Defense Council*, 840 F.2d at 1436. Supplementation of the administrative record is appropriate: "(1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record,[] (3) when supplementing the record is necessary to explain technical terms or complex subject matter" or (4) "when plaintiffs make a showing of agency bad faith." *Southwest Ctr. for Biological Diversity v. United States Forest Service*, 100 F.3d 1443, 1450 (9th Cir. 1996) (quotation marks, citation omitted). Consequently, when a party seeks to supplement the record, he bears the burden to demonstrate with clear evidence that one of the limited exceptions is applicable. *Animal Defense Counsel*, 840 F.2d at 1436-37.

**IV.     Discussion and Analysis**

As an initial matter, the parties dispute whether the decision of the Forest Service is an "ongoing agency action." However, whether Plaintiff can state a claim for damages from an ongoing agency action is a dispositive issue, not to be resolved at this time. Rather, the issue before the Court is whether Plaintiff carries his burden to show clear evidence that the Administrative Record is inadequate, and supplementation is proper.

The Administrative Record contains photographs taken on May 23, 2013 of "The Mighty Kern Provides" signs at Kern River standard amenity fee areas that Plaintiff alleged lacked "interpretive signs, exhibits, or kiosks." Plaintiff seeks to compel Defendants to supplement the Administrative Record with information regarding when the signs depicted in AR643, AR647, AR652, and AR676 were placed. (Doc. 19 at 9). Plaintiff asserts that "if the Forest Service has any written instructions to staff, any logs or internal communications about the completion of work related to the placement of its

4

'The Mighty Kern Provides' signs," they should be added to the administrative record.[1]  *Id.* at 10.

Defendants argue Plaintiff has "not attempted to demonstrate that the requested information fits into one of the exceptions," and as a result the motion to compel supplementation should be denied. (Doc. 20 at 8).  According to Defendants, "the Sequoia National Forest does not necessarily record in an 'installation log,' the addition, replacement, removal, or repair of various amenities due to the frequency of these changes." *Id.*

Notably, the Forest Service submitted a declaration from Tamara Wilton, Recreation Fee Program Manager for the Pacific Southwest Region of the U.S. Forest Service, that the Administrative Record was properly designated and "include[s] all materials retained in Forest Service files that were considered, either directly or indirectly by the relevant decision-makers in the Forest Service."  (Doc. 16-2 at 3, Wilton Decl. ¶4).  Although Plaintiff speculates there *may be* more information beyond that which has been included in the record, he fails to assert, let alone demonstrate, that the Forest Service relied upon information not in the record.

Moreover, the Court notes that Plaintiff failed to note the four circumstances which can give rise to supplementation until he filed his reply brief.[2]  Even then, he gives only a passing nod to these circumstances and continues to focus upon his argument that the supplemental documents are relevant to his theory of the case.  Despite this, Plaintiff relies upon *Asarco, Inc. v. U.S. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980) and quotes the case as follows, "The court cannot adequately discharge its duty to engage in a "substantial inquiry" if it is required to take the agency's word that it considered all relevant matters."  In doing so, Plaintiff ignores the clear instruction in *Asarco.* The Court held,

> If the reviewing court finds it necessary to go outside the administrative record, it should consider evidence relevant to the substantive merits of the agency action only for background information, as in Bunker Hill, or for the limited purposes of ascertaining whether the agency considered all the relevant factors or fully explicated its course of conduct or grounds of decision. See Association of Pacific Fisheries, supra. **Consideration of the evidence to determine the correctness or wisdom of the agency's decision is not permitted,** even if the court has also examined the administrative record. **If the court determines that the agency's course of inquiry was insufficient or inadequate, it should remand the matter to the agency for further consideration and not compensate for the agency's dereliction by undertaking its own inquiry into the merits.**

---

[1] A primary defect in Plaintiff's current position is that there is no showing that, in fact, any such documents exist.

[2] The Court is a little at a loss for Plaintiff's apparent belief that he can await the filing of his reply papers to address the pertinent legal issues without regard for the lack of due process this affords Defendants.

1  Thus, even if the materials are supplemented into the record, at most, they could require the Court to
2  remand the matter for further determination; they could not yield the "win" Plaintiff anticipates. In
3  any event, here Plaintiff has presented no evidence or reason upon which the Court can conclude that
4  the agency was unaware of the factors it must consider in making its determination (*See Southwest*
5  *Ctr. for Biological Diversity*, 100 F.3d at 1450); it may have failed to have sufficient evidence to
6  justify its ultimate decision, but that is a different question.
7        Finally, there is no evidence that the Forest Service acted with bad faith, or that supplementation
8  "is necessary to explain technical terms or complex subject matter." *See, id.* Consequently, Plaintiff
9  has failed to carry his burden to "clearly establish[] that the Administrative Record was improperly
10  designated." *See Bar MK Ranches v. Yuetter,* 994 F.2d 735, 740 (1993).
11        As an alternative to supplementing the record, Plaintiff contends the photographs should be
12  stricken from the record because they were taken after the date of the final agency decision.[3] (Doc. 19
13  at 10). However, he has not shown how the inclusion of the photographs causes any prejudice. *See*
14  *Bar MK Ranches,* 994 F.2d at 740 (where the plaintiffs alleged "some of the documents were
15  inappropriately included in the Administrative Record," they were required to "show how they were
16  prejudiced by these documents"). Indeed, to the contrary, Plaintiff contends the documents are
17  properly in the record related to the issue of the ongoing agency action and should remain in the record
18  for this purpose. (Doc. 19 at 3; Doc. 21 at 7) Accordingly, because Plaintiff has not demonstrated any
19  prejudice or overcome the presumption that the Administrative Record was properly designated, the
20  photos on pages AR643, AR647, AR652 and AR 676 will not be stricken from the record.
21  **V.    Conclusion**
22        As the Ninth Circuit explained, the Court's "scope of review is normally limited to 'the
23  administrative record in existence at the time of the [agency] decision and [not some new] record that
24  is made initially in the reviewing court.'" *Lands Council*, 395 F.3d at 1030 (9th Cir. 2004) (quoting
25  *Southwest Center for Biological Diversity*, 100 F.3d at 1450). Plaintiff has failed to carry his burden

---

[3] In this way, it appears that Plaintiff is seeking an order that the District Judge cannot consider this evidence when determining whether all of the amenities were in place at the time of the agency decision. However, this is an argument to be made to the District Judge.

6

to demonstrate that the Administrative Record is insufficient to allow "substantial and meaningful [judicial] review." *Ctr. for Native Ecosystems*, 711 F. Supp. 2d at 1275.  He has not overcome the presumption that the record compiled by Defendants is complete, and that supplementation is required pursuant to one of the limited exceptions set forth by the Ninth Circuit.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion to supplement the administrative record or to strike (Doc. 19) is **DENIED**.

IT IS SO ORDERED.

Dated:    **August 30, 2013**                         /s/ Jennifer L. Thurston
                                                  UNITED STATES MAGISTRATE JUDGE