UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PETER WIECHERS,** <br><br> **Plaintiff,** <br><br> v. <br><br> **RANDY MOORE, in his official capacity as Regional Forester for the Pacific Southwest Region of the United States Forest Service, and the UNITED STATES FOREST SERVICE,** <br><br> **Federal Defendants.** | **CASE NO. 1:13-CV-00223-LJO-JLT** <br><br> **MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION (Doc. 49)** |

## I. INTRODUCTION

This case concerns the Federal Lands Recreation Enhancement Act ("REA") and, among other things, its prohibition of charging fees "[s]olely for parking, undesignated parking, or picnicking along roads or trail sides." 16 U.S.C. § 6802(d)(1)(A) ("§ 6802(d)(1)(A)"). On February 12, 2013, Peter Wiechers ("Plaintiff") brought a challenge to implementation by the U.S. Forest Service ("Forest Service") of REA's fee program in the Sequoia National Forest, located in the southern Sierra Nevada in California. Doc. 1. Plaintiff's second cause of action alleged that the Forest Service improperly charged an amenity fee to enter standard amenity fee areas ("SAFAs") in the Lower Kern River, "regardless of whether [he used] the developed facilities and services," in violation of § 6802(d)(1)(A). Doc. 1 at ¶ 39.

On April 10, 2014, the Court denied Plaintiff's motion for summary judgment on that cause of action. Doc. 48 at 42. The Court found that although "REA does prohibit the imposition of fees upon visitors under certain circumstances," those circumstances are not present in this case. *Id.* Specifically, the Court found that § 6802(d)(1)(A)'s prohibition on charging for fees "[s]olely for parking, undesignated parking , or picnicking along roads or trail sides" was inapplicable to Plaintiff's claim.

On April 15, 2014, Plaintiff filed a motion for reconsideration. Doc. 49. Plaintiff argues that

1

"[t]he Court's statutory interpretation [in the April 10, 2014 order], that the REA's prohibition on charging fees '[s]olely for parking, [and] undesignated parking' in 16 U.S.C. § 6802(d)(1)(A) is modified by the prepositional phrase 'along roads or trail sides,' is in error." Doc. 49 at 2. The Forest Service opposed Plaintiff's motion on April 29, 2014. Doc. 53. The Forest Service argues that Plaintiff's motion should be denied because he failed to raise the arguments contained in the motion for reconsideration in his motion for summary judgment and, regardless, the Court's interpretation of § 6802(d)(1)(A) is correct.

## II. STANDARD OF DECISION

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. *United States. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

## III. DISCUSSION

Plaintiff does not provide "newly discovered evidence," nor does he allege there has been "an intervening change in the controlling law." *Marlyn Nutraceuticals*, 571 F.3d at 880. Rather, he maintains that the Court committed a clear error in its analysis of § 6802(d)(1)(A). *See id.*

The facts of the case are thoroughly discussed in the Court's April 10, 2014 order, *see* Doc. 48 at

1-8, 25-32, and Plaintiff does not allege new facts in his motion for reconsideration. Thus, the factual background described in the April 10, 2014 order is incorporated herein by reference. Relevant facts are discussed only where necessary.

Resolution of Plaintiff's motion for reconsideration hinges on the interpretation of § 6802(d)(1)(A), which provides that:

> The Secretary shall not charge any standard amenity recreation fee or expanded amenity recreation fee for Federal recreational lands and waters administered by the Bureau of Land Management, the Forest Service, or the Bureau of Reclamation under this chapter for any of the following: (A) Solely for parking, undesignated parking, or picnicking along roads or trailsides.

In the April 10, 2014 order, the Court concluded that Plaintiff had conceded that each clause of § 6802(d)(1)(A) was limited by the phrase "along roads or trailsides" because the Forest Service so argued and Plaintiff thereafter abandoned reliance on that provision. Doc. 48 at 40; *see also* Doc. 49 at 2 (Plaintiff concedes that he "failed to offer [his] own construction of section 6802(d)(1)(A)"). That is, the Court found—and continues to find—that § 6802(d)(1)(A) prohibits charging fees solely for parking along roads or trailsides. *See* Doc. 48 at 40. And the Court found—and continues to find—that § 6802(d)(1)(A) does not apply here because Plaintiff did not park along a road or trailside. *Id.* As the April 10, 2014 order noted, Plaintiff "admits that he entered the SAFAs on the Lower Kern River and *parked there.*" *Id.* (emphasis in original). Nonetheless, in his motion for reconsideration, Plaintiff claims he did not concede to the Forest Service's interpretation of § 6802(d)(1)(A) and asserts the Court's interpretation of that provision in its April 10, 2014 order was clear error.

In support of this assertion, Plaintiff points to two district court decisions: *Bark v. U.S. Forest Service*, __ F. Supp. 2d __, 2014 WL 1289446 (D.D.C. Mar. 28, 2014) and *Fragosa v. Moore*, __ F. Supp. 2d __, 2014 WL 1778962 (C.D. Cal. Apr. 28, 2014). Plaintiff asserts that these decisions, which are at least arguably in conflict with the April 10, 2014 order, advance the correct interpretation of § 6802(d)(1)(A).

Plaintiff cites *Bark* to support his assertion that the language "along roads or trailsides" modifies only "picnicking," and therefore the Forest Service cannot charge a fee "solely for parking" at the

3

subject camp sites. However, the language from *Bark* on which Plaintiff relies is dicta. The court in *Bark* addressed the Forest Service's argument that § 6802(d)(1)(A) "prohibits only fees for parking 'along roads or trailsides.'" 2014 WL 1289446, at *9 n.5. The court stated it was "skeptical of the Forest Service's construction (one is unlikely to park along a trailside)," but found it unnecessary to resolve that issue. *Id.* Dicta in an out of Circuit district court decision does not demonstrate that this Court committed clear error.

Plaintiff's citation to *Fragosa* is equally unpersuasive. At issue in *Fragosa* was Plaintiffs' challenge to Forest Service's recreation fee program, which required Plaintiffs to pay "to enter regions that the Forest Service has designated High Impact Recreation Areas ('HIRA') or Standard Amenity Fee Areas ('SAFA') to park, hike, picnic, camp in undeveloped locations, or otherwise recreate, even when they do not use the developed facilities and services." Doc. 52-1 at 1. The court granted the plaintiff's motion for summary judgment, holding that "[t]he Forest Service is prohibited from charging a fee solely for parking." Doc. 52-1 at 4. Finding that "*Adams* [*v. U.S. Forest Serv.*, 671 F.3d 1138 (9th Cir. 2012)] is quite clear," the court held that "[i]f a visitor does nothing other than park, the fee is solely for parking and is, therefore, plainly prohibited by the REA." *Id.* (citing *Adams*, 671 F.3d at 1143-44). Thus, the court found that the Forest Service's "fee program, which authorizes the Forest Service to charge Plaintiffs an amenity fee when they enter HIRAs or SAFAs without the use of the developed facilities and services of the HIRA or SAFA, violates the REA." *Id.* at 5.

To the extent the court in *Fragosa* found that "[s]olely for parking" is not modified by "along roads or trailsides" in § 6802(d)(1)(A), the Court declines to follow that court's interpretation of the statute. The court in *Fragosa* found that *Adams* decided the case; however, as the Court explained in the April 10, 2014 order, the Court finds that *Adams* is distinguishable from the present case. *See* Doc. 37-42. The Court does not read *Adams* so broadly as to prohibit the Forest Service from charging fees for parking where, as here, Plaintiff parked at a developed recreational site to access nearby, undeveloped areas. The *Fragosa* decision fails to evaluate the key statutory language in any detail and fails to acknowledge that *Adams* itself recognizes that REA permits charging fees for parking in conjunction

with the five other amenities required of SAFAs. *See Adams*, 671 F.3d at 1145 n.13 ("The only place where parking could be the sole activity is a designated developed parking facility—for which the REA authorizes standard amenity recreation fees only in conjunction with five other amenities.").

Regardless of how other courts have interpreted § 6802(d)(1)(A), Plaintiff urges the Court to apply the "last antecedent rule" to find that the words "along roads or trailsides" in § 6802(d)(1)(A) modify only "picnicking," and not "[s]olely for parking." That canon of statutory construction only applies "where no contrary intention appears." *May Trucking Co. v. Or. DOT*, 388 F.3d 1261, 1268 (9th Cir. 2004). Thus, "the principle must yield to the most logical meaning of a statute that emerges from its plain language and legislative history." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 833 (9th Cir. 1996).

As the Court previously explained, Plaintiff's interpretation of *Adams* and its discussion of § 6802(d)(1)(A) "would totally eviscerate the fee program REA was designed to implement." Doc. 48 at 42. The fee enforcement scheme Plaintiff seeks would require the Forest Service "to patrol each fee area, ask for proof of payment, and personally cite each violator" instead of requiring those who park at the Lower Kern River SAFAs to display proof of a recreation pass, as 16 U.S.C. § 6811(b) permits." *Id.* As Plaintiff notes, the legislative history of REA indicates that Congress intended to prohibit the Forest Service from "charg[ing] solely for parking, scenic pullouts, *and other non-developed areas*," which suggests that Congress envisioned that there should be no fees to park in non-developed areas, such as the "roads and trailsides" referenced in § 6805(d)(1)(A). Doc. 49 at 5 (quoting H.R. Rep. 108-790(I), 108th Cong., 2d Sess. 2004, 2004 WL 2920863, at *18) (emphasis added). The Court cannot agree with Plaintiff that § 6805(d)(1)(A) provides a broad prohibition on fees for parking in developed areas, such as the Lower Kern River SAFAs. Likewise, the Court cannot accept Plaintiff's suggestion that Congress intended "that REA . . . [would] require the Forest Service to provide free alternate parking for visitors who do not intend to use the amenities at developed recreation sites." Doc. 48 at 42.

Section § 6802(d)(1)(D) provides further support for the Court's conclusion that the last antecedent rule should not apply. That provision provides that fees cannot be charged "[f]or persons who

are driving through, walking through, boating through, horseback riding through, or hiking through Federal recreational lands and waters without using the facilities and services." § 6802(d)(1)(D). In his motion for summary judgment, Plaintiff argued that § 6802(d)(1)(D) "prohibits fees for recreating on National Forest Lands 'without using facilities and services.'" Doc. 33 at 25-26. Plaintiff therefore argues that the language "without using the facilities and services" modifies the five different means one can traverse federal recreational lands and waters. Plaintiff does not argue, however, that the last antecedent rule should apply so that "without using the facilities and services" modifies only "hiking through." The Court finds no reason why it should apply the last antecedent rule to § 6802(d)(1)(A) but not to § 6802(d)(1)(D), and Plaintiff has not offered any.

In summary, the Court finds that Plaintiff has failed to demonstrate that the Court committed clear error in its interpretation of § 6802(d)(1)(A) contained in the April 10, 2014 order. *Marlyn Nutraceuticals*, 571 F.3d at 880. Plaintiff's motion for reconsideration is therefore DENIED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration of the Court's April 10, 2014 order is DENIED.

IT IS SO ORDERED.

Dated:   **May 14, 2014**                     /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE